IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEORA TUCKER | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  21-cv-01215-WB |
| TRANS UNION, LLC, | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC., and I.C. | : | |
| SYSTEM, INC. | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Defendants, Experian Information Solutions, Inc. ("Experian") and I.C. System, Inc. ("ICS") have filed motions to enforce their settlement agreements with the plaintiff, Leora Tucker. Doc. No. 32 ("Experian Motion"), 33 ("ICS Motion"). Plaintiff has filed a response to each motion. Doc. No. 34 ("Response to Experian"), 35 ("Response to ICS"). The parties have ably briefed the underlying facts and are not in substantial disagreement. On March 12, 2021, Plaintiff filed suit against Defendants Experian, ICS and Trans Union, LLC, asserting claims under the Fair Credit Reporting Act. Experian and Plaintiff Leora Tucker settled this case on May 12, 2021. Response to Experian, at 1. Ms. Tucker also settled with Trans Union, and on September 22, 2021, executed a Settlement Agreement with Defendant Trans Union. *Id.* Finally, Ms. Tucker settled with ICS on or about September 8, 2021. ICS Motion, at 3.

As the plaintiff's Responses acknowledge, she has not signed settlement documents that accurately reflected the settlement of the parties. Response to Experian, at 2, 3; Response to ICS, at 2. Her attorney had the authority to settle the cases and did so. *Id.* Based on his representation that the case was settled a dismissal order was entered by the district judge. Doc. No. 26.

This matter was referred to me for settlement proceedings, Doc. No. 18, and I treat these motions as part of the referral. I also treat the motions and responses as consent to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). *See Roell v. Withrow*, 538 U.S. 580 (2003) (manifestation of consent through conduct); *see* Doc. No. 33-1 at 1 (plaintiff's counsel's email of September 10, 2021 voicing "[n]o objection [to filing a dismissal order] assuming Judge Lloret will retain jurisdiction over the matter for purposes of any dispute(s) over proposed settlement agreements.").

It is clear that the plaintiff gave her attorney authority to settle, and settle he did. An agreement to settle is binding even when the parties expect to formalize it with a writing later. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). A party cannot back out of a settlement by capriciously reneging on her bargain. *Anderson v. U.S. Postal Service*, 1998 WL 67542, at *1 (E.D. Pa. 1998). It is wrong for plaintiff to deprive the defendants of the benefit of their agreements by withholding her signature from settlement documents that accurately captured the agreements' terms.

I find that the settlement agreement submitted by Experian's counsel on May 17, 2021 to plaintiff's counsel (*see* Doc. No. 32-1 at 3) correctly manifested the parties' agreement and is enforceable as if signed by the plaintiff. I find that the settlement agreement submitted by ICS's counsel on September 10, 2021 to plaintiff's counsel (*see* Doc. No. 33-2 at 1) correctly manifested the parties' agreement and is enforceable as if signed by the plaintiff. If the defendants find it useful, I invite counsel to submit to chambers unredacted copies of these settlement agreements. I will attach the unredacted agreements to orders reiterating my findings, so that there will be no doubt in the future as to the particulars of the settlement agreements and my findings.

At this point I will enter orders enforcing the settlement agreement of the parties,

as requested by the defendants Experian and ICS. Doc. No. 32-2 (Experian proposed

order) and 33 at 7 (ICS proposed order). Plaintiff shall comply with these orders

promptly. I will retain jurisdiction to enforce the orders.

**BY THE COURT:**


_s/Richard A. Lloret_
Honorable Richard A. Lloret
U.S. Magistrate Judge